1   Linda M. Lawson (Bar No. 77130)
    LLawson@mmhllp.com
2   Allison Vana (Bar No. 228282)
    AVana@mmhllp.com
3   MESERVE, MUMPER & HUGHES LLP
    300 South Grand Avenue, 24th Floor
4   Los Angeles, California 90071-3185
    Telephone: (213) 620-0300
5   Facsimile: (213) 625-1930

6   Attorneys for Defendant
    COMBINED INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11
                                         CV10 2590 ◄ SJO PJWx
12  JEANNIE ROBLES, an individual,   )   Case No.

13              Plaintiff,           )   DEFENDANT COMBINED
                                     )   INSURANCE COMPANY'S NOTICE
14        vs.                        )   OF REMOVAL OF ACTION TO
                                     )   UNITED STATES DISTRICT COURT
15  COMBINED INSURANCE              )
    COMPANY, a corporation, and DOES )   Complaint Filed: February 2, 2010
16  1 through 30, inclusive,        )
                                     )   [Los Angeles County Superior Court
17              Defendant.           )   Case No. BC431118]
                                     )
18  ─────────────────────────────── )

19        TO THE DISTRICT COURT OF THE UNITED STATES, CENTRAL

20  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, JEANNIE ROBLES, AND

21  HER ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that on April 9, 2010, Defendant COMBINED

23  INSURANCE COMPANY ("Combined"), contemporaneously with the filing of

24  this Notice, is effecting the removal of the above-referenced civil action, Case

25  No. BC431118, from the Superior Court of the State of California for the County of

26  Los Angeles, to the United States District Court for the Central District of

27  California, based upon diversity jurisdiction pursuant to 28 U.S.C. Sections 1332,

28  1441, and 1446, in that the suit has been brought between citizens of different states

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110036.1                              1

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  and the amount in controversy exceeds the sum of $75,000, exclusive of costs and
2  interest. The suit is one of a civil nature over which the United States District Court
3  has original jurisdiction.

4      The removal is based on the following grounds:

5

6  **I.**     **TIMELINESS.**

7      1.     On or about February 2, 2010, plaintiff Jeannie Robles ("Plaintiff")
8  commenced this action by filing a Complaint in the Superior Court of the State of
9  California for the County of Los Angeles, entitled <u>Jeannie Robles v. Combined</u>
10  <u>Insurance Company, et al.</u>, designated Case No. BC431118.

11      2.     Combined first received a copy of the Summons and Complaint on
12  March 11, 2010. No prior pleading or paper has been served on Combined. A true
13  and correct copy of the Summons, Complaint and all other process, pleadings, and
14  orders obtained by Combined are attached hereto and incorporated herein as Exhibit
15  "A." Combined has been served with no other process, pleadings, or orders.

16      3.     On April 7, 2010, Combined filed an Answer to Plaintiff's Complaint
17  in the Superior Court of the State of California for the County of Los Angeles.
18  A true and correct copy of the Answer is attached hereto and incorporated herein as
19  Exhibit "B."

20      4.     The Removal is therefore timely under 28 U.S.C. Section 1446(b) in
21  that Combined has filed this Notice of Removal of Action within one (1) year of
22  commencement of this action and within thirty (30) days of having first received the
23  Summons and Complaint.

24

25  **II.**     **JOINDER.**

26      5.     There are no defendants that are required to join in this removal. All
27  other defendants are fictitiously named and need not be considered for purposes of
28  removal. 28 U.S.C. § 1441(a).

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110036.1

2

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1

2  **III.    JURISDICTION.**

3       6.    This action has been removed to this Court based upon diversity

4  jurisdiction pursuant to 28 U.S.C. Sections 1332(a)(1), 1332(c)(1), 1441, and 1446

5  in that the suit has been brought between citizens of different states and the amount

6  in controversy exceeds the sum of $75,000, exclusive of costs and interest, as set

7  forth more fully below.   The suit is one of a civil nature over which the United

8  States District Court has original jurisdiction.

9

10                  **A.    Citizenship of Plaintiff.**

11      7.    Combined alleges on information and belief that Plaintiff was, at the

12  time of commencement of this action, and is now, a resident and citizen of the

13  County of Los Angeles, State of California, as alleged in Plaintiff's Complaint.

14  (Complaint, ¶ 1.)

15

16                  **B.    Citizenship of Combined.**

17      8.    Defendant Combined, at all relevant times, was and is a corporation

18  organized and existing under the laws of the State of Illinois, with its principal place

19  of business in the State of Illinois, and is authorized to transact and is transacting the

20  business of insurance in the State of California.

21

22                  **C.    Amount in Controversy.**

23      9.    Plaintiff's failure to plead a specific amount of damages in her

24  Complaint should be construed in favor of Combined, supporting a finding that the

25  minimum amount in controversy has been met.   See Bosinger v. Phillips Plastic

26  Corp., 57 F. Supp. 2d 986, 989 (S.D. Cal. 1999) ("[A]s such evidence [to show that

27  the amount in controversy exceeds $75,000] may not always be available to a

28  removing defendant, to require such proof might defeat removal in an instance

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110036.1

3

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  where a plaintiff declined to plead a specific amount of damages and a defendant
2  could not readily ascertain the approximate amount of damages a plaintiff seeks
3  within thirty days.  Moreover, while it is for the Court to decide its own jurisdiction,
4  the Court finds in Plaintiff's silence, implicit support for Defendant's allegation as
5  to the amount in controversy.").

6       10.    Plaintiff seeks recovery against Combined of disability benefits that
7  she alleges she is entitled to under a disability income insurance policy (the
8  "Policy").   Plaintiff alleges that she became totally disabled in approximately
9  May 2009, when she was 53 years old, and that Combined wrongfully denied her
10 claim for disability benefits and rescinded the Policy.  (Complaint, ¶¶ 6, 10-11.)
11 Plaintiff further alleges that she remains disabled and eligible for benefits.  (See id.,
12 ¶ 10.)  The Policy provides a 12-month maximum benefit period.  (See Schedule,
13 p. 4 of Exhibit 1 to the Complaint.)  Plaintiff alleges that she is entitled to a monthly
14 benefit of $917.  (Complaint, ¶ 6.)  Assuming for purposes of this Notice only a
15 maximum monthly benefit of $917, if so entitled, benefits paid to Plaintiff would
16 exceed $11,000 ($917 x 12 months = $11,004).

17      11.    Additionally, by filing this unlimited civil action in the Superior Court,
18 Plaintiff is attesting that the amount in controversy exceeds $25,000.  (See Civil
19 Case Cover Sheet filed by Plaintiff in Superior Court, attached at Exhibit "A".)

20      12.    In calculating the amount in controversy the Court must consider
21 general damages for emotional distress and other incidental damages that Plaintiff
22 may recover.  See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  In
23 her Complaint, Plaintiff has included a claim for breach of the covenant of good
24 faith and fair dealing.   (Complaint, ¶¶ 22-27.)   Under state law, Plaintiff can
25 therefore seek and potentially recover general damages for emotional distress.  See
26 Major v. Western Home Ins. Co., 169 Cal. App. 4th 1197, 1215 (2009).  Plaintiff
27 specifically seeks general damages for emotional distress and incidental damages
28 through her Complaint.  (Complaint, ¶ 25; Complaint, Prayer p. 10.)

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110036.1

4

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

13.    Furthermore, in calculating the amount in controversy, the Court must also consider the punitive and exemplary damages that Plaintiff may recover as a matter of law. See Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (citing Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995)).    In her Complaint, Plaintiff has included a claim for breach of the covenant of good faith and fair dealing. (Complaint, ¶¶ 22-27.)    Under state law, Plaintiff can therefore seek and potentially recover punitive and/or exemplary damages.    See Century Sur. Co. v. Polisso, 139 Cal. App. 4th 922, 939 (2006). Plaintiff specifically seeks punitive and exemplary damages through her Complaint. (Complaint, ¶ 27; Complaint, Prayer, p. 10.)

14.    The foregoing sums are also exclusive of the attorneys' fees that Plaintiff seeks through her Complaint. (Complaint, ¶ 26; Complaint, Prayer p. 10). See Brandt v. Superior Court, 37 Cal. 3d 813, 819, 693 P.2d 796, 800 (1985) (holding that when an insurer's conduct is unreasonable, the plaintiff may recover for all detriment proximately resulting from the alleged and established bad faith, including attorneys' fees incurred to obtain policy benefits that would not have been incurred but for the tortious conduct).    Thus, these amounts may also be considered in calculating the amount in controversy.

15.    In light of the fact that Plaintiff is seeking, and can potentially recover, disability benefits, general damages, punitive damages, and attorneys' fees in excess of $75,000, the amount in controversy in this case, exclusive of interest and costs, exceeds the jurisdictional requirement of this Court.

## IV.    PROCESS.

16.    On April 9, 2010, a copy of this Notice was caused to be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110036.1

5

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1     WHEREFORE, Combined prays that the above action pending in the

2   Superior Court of the State of California for the County of Los Angeles be removed

3   from that court to this Court.

4

5   Dated:  April 9, 2010                    MESERVE, MUMPER & HUGHES LLP
                                             LINDA M. LAWSON
6                                            ALLISON VANA

7                                            By:  _____

8                                                 Allison Vana
                                                  Attorneys for Defendant
9                                                 COMBINED INSURANCE
                                                  COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110036.1                                        6

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

EXHIBIT A

Mar-10-2010  12:46pm   From-ROBERT K SCOTT APC      9497834848        T-715  P.003/004  F-808

## SUMMONS

**AMENDED**

*(CITACION JUDICIAL)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 09 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMBINED INSURANCE COMPANY OF AMERICA, a
corporation; and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEANNIE ROBLES, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso)*: |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | BC431118   D-34 |

LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET
LOS ANGELES, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT K. SCOTT, SBN: 67466
111 PACIFICA, SUITE 240
IRVINE, CA 92618

DATE: MAR 09 2010                                    Clerk, by _John A. Clarke_ , Deputy
*(Fecha)*                                            *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   COMBINED INSURANCE COMPANY OF AMERICA

3. ☑ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ROBERT K. SCOTT, ESQ. SBN 67466
JOEL S. POREMBA, ESQ. SBN 195722
LAW OFFICES OF ROBERT K. SCOTT, APC
111 Pacifica, Ste 240
Irvine, California  92618
Telephone: (949)753-4950
Facsimile: (949) 753-4949

Attorneys for Plaintiff,
JEANNIE ROBLES

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 02 2010

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
AMBER LAFLEUR-CLAYTON

D23 Zaven Sinanian

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JEANNIE ROBLES, an individual, | Case No.  **BC431118** |
| Plaintiff, | **COMPLAINT** |
| vs. | **1. BREACH OF CONTRACT;** |
| COMBINED INSURANCE COMPANY, a corporation; and DOES 1 through 30, inclusive, | **2. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING** |
| Defendants. | **JURY DEMAND** |

### GENERAL ALLEGATIONS

1.      Plaintiff, JEANNIE ROBLES, (hereinafter "ROBLES") is, and at all times herein mentioned was, a resident and citizen of the County of Los Angeles, State of California.

2.      Defendant, COMBINED INSURANCE COMPANY OF AMERICA, (hereinafter "COMBINED"), is, and at all relevant times herein, was, a corporation who was and remains, authorized to transact, and was in fact transacting, the business of insurance in the State of California.

///

///

ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
LAW OFFICES OF
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950 · FAX (949) 753-4949
EMAIL mail@robertkscott.com  www.robertkscott.com

3.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Doe 1 through Doe 30, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately thereby to Plaintiff. Plaintiff will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to her.

4.    At all times herein mentioned, unless otherwise indicated, Defendants were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent.

5.    At the time the Policy was sold to ROBLES, COMBINED was, and at all relevant times remain, corporations authorized to transact, and were in fact transacting, the business of insurance in the State of California. COMBINED was, is, and continues to be, subject to the common law, statutory laws, codes, regulations and bulletins of California with respect to all aspects of the disability insurance provided to ROBLES and all other California insureds. Thus, California law governed, and continues to govern, the marketing of ROBLES' disability Policy, the application process preceding the issuance of her Policy, the content of her Policy, and, most importantly, COMBINED'S claims practices as applied to California claims in general as well as specifically COMBINED'S handling of ROBLES' disability insurance claim.

6.    On or about March 17, 2008, ROBLES applied for an individual guaranteed long term disability insurance policy. The policy was then issued by COMBINED to ROBLES as an individual and became Policy No. W0610064, (hereinafter the "Policy"). The Policy was

- 2 -

COMPLAINT AND JURY DEMAND

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950  FAX (949) 753-4849
EMAIL: mail@robertkscott.com  www.robertkscott.com

LAW OFFICES OF:
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950  FAX (949) 753-4949
E-MAIL: mail@robertkscott.com  www.robertkscott.com

effective on May 29, 2008. On the application for coverage, ROBLES listed her occupation as a manager of cargo that is taken on and off of shipping vessels for the Pacific Maritime Association, Local 63; essentially, a longshore-person. As an union employee whose duties were in cargo shipping operations management, ROBLES'S employment focus at the time of application was specifically on loading docks at San Pedro and Long Beach, California port(s). The Policy promised to pay ROBLES disability benefits to age 65 should she become totally disabled (as defined by California law) and unable to perform the substantial and material duties of her occupation in the usual and customary way with reasonable continuity given her station in life. ROBLES was 53 years of age when she became totally disabled in May, 2009. The Policy promises to pay ROBLES a monthly benefit of $917 for total disability. A true and correct copy of the Policy is attached herein as Exhibit 1.

7.     The Policy, Exhibit 1, defines **"Injury"** as follows:

"means bodily injury due solely to an accident independent of all other causes. The accident must occur while the policy is in force."

The Policy, Exhibit 1, defines **"Sickness"** as follows:

"means illness or disease, including complications of pregnancy."

The Policy, Exhibit 1, defines **"Total disabled"** or **"total disability"** as follows:

"means the inability to perform all the substantial and material duties of the Insured's occupation. Total disability must begin while the policy is in force."

8.     The Policy was entered into by ROBLES within the jurisdiction of the above-entitled Court and required the payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial. The Policy at all times since its inception has remained in force. All premiums due under the Policy have been paid, and all conditions on the part of ROBLES to be performed have been performed by her.

- 3 -

9.      The meaning, application and effect of the aforementioned Policy provisions were, and are, subject to, and automatically amended, under applicable California law, including but not limited to, the California *Insurance Code.*

10.     In or about May, 2009, ROBLES became totally disabled due to an injury to her toe after dislocation. Her last day of work was May 27, 2009. She had surgery in June, 2009 on the foot/toe and filed a claim for total disability on May 28, 2009. ROBLES has not worked since May 27, 2009 and is looking at more surgery on the same foot/toe and has treated with orthopaedic surgeons at the Kerlan-Jobe Orthopaedic Clinic in Los Angeles. On or about May 28, 2009, ROBLES telephoned COMBINED'S claims department, reported her disability claim and requested claim form(s). A few days later, on or about June 1, 2009, before she even received COMBINED'S claim form(s), filled out or submitted the paper-claim with COMBINED, the company denied the claim in a letter. After ROBLES eventually received the claim form(s) from COMBINED, she formally submitted them regardless. However, on or about November 7, 2009, ROBLES received a letter from COMBINED dated October 16, 2009 which denied the claim and (attempted) to rescind the subject Policy. A true and correct copy of the denial letter is attached herein as Exhibit 2.

11.     In its denial letter, COMBINED erroneously and embarrassingly appeared to base its claims decision about ROBLES' dislocated toe and resulting disability on the fact ROBLES had four or six chiropractic/therapeutic sessions with another doctor for a minor sore shoulder before applying for the subject Policy. It also appears to have based its (attempted) rescission of the Policy on the same unrelated medical point. ROBLES' sore shoulder was from sleeping on it one night in July, 2007 which was simply dealt with half-dozen chiropractic treatments. Given the vague and ambiguous application questions, there was nowhere to have indicated a minor sore shoulder, it is inapplicable, irrelevant and insignificant. Instead, in its denial letter,

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950  FAX (949) 753-4949
EMAIL: mail@robertkscott.com  www.robertkscott.com

- 4 -

COMBINED states that ROBLES failed to disclose "should pain and soreness" from July and August, 2007 on her March 17, 2008 disability application. Desperate to avoid paying a legitimate disability claim, COMBINED now finds itself relying on inapplicable medical matters of no significance, wholly unrelated to a dislocated toe, surgery on it and the prospect of future surgery(ies) on her troubled toe. In fact, COMBINED goes so far as to say that if it had known about ROBLES waking up one morning with a sore shoulder which was completely resolved over a year before applying for the subject Policy, that it would not have insured ROBLES. Instead, COMBINED delayed a claims decision for over four months and even after ROBLES authorized it to obtain her medical records, including those from her chiropractor regarding the sore shoulder. The company inexplicably took four months to deny her claim without merit and in the face of objective medical evidence concerning her bad toe.

12.   The Policy at all times since its inception remained in force since at least 2008 at which time due to her disability, ROBLES was not able to work at her usual occupation and undertake the material and substantial duties of her job as a longshore-person with reasonable continuity. All premiums due under the Policy have been paid, up and until ROBLES became disabled in May, 2009, and all conditions on the part of ROBLES to be performed have been performed by her. Premium payments were paid by ROBLES to November, 2009, however COMBINED took the November, 2009 premium *after* it cancelled the Policy.

13.   Under the terms of the Policy and applicable law, ROBLES has furnished all necessary medical records and information in the form(s) required by COMBINED.

/ / /

/ / /

COMPLAINT AND JURY DEMAND

Exhibit A   000012

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950   FAX (949) 753-4849
EMAIL: mail@robertkscott.com   www.robertkscott.com

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against Defendants, Combined Insurance Company of America and Does 1 though 15)**

14.     ROBLES hereby incorporates each and every paragraph of the General Allegations as though fully set forth in this Cause of Action.

15.     At all relevant times, ROBLES was insured by the Defendants under the guaranteed individual disability Policy described above in Paragraph 6 which was in full force and effect at all relevant times and which promised to pay Policy benefits in the event of ROBLES' inability to engage in her occupation with any reasonable continuity.   Exhibit 1. ROBLES has performed all of the duties on her part to be performed including the payment of premiums.

16.     In or about late May, 2009, ROBLES made a claim for total disability benefits to COMBINED.  Since that time, ROBLES lost the ability to be able to engage in any work, full or part-time, and COMBINED allegedly investigated the claim although from its letter about a "sore shoulder." On or about October 16, 2009, COMBINED wrote to ROBLES and terminated benefits while erroneously maintaining that ROBLES could work fulltime and was not totally disabled.  It then (attempted) to rescind the subject Policy and in so doing, breached the Policy without merit. Exhibit 2.

17.     ROBLES submitted her claim(s) for disability insurance benefits to COMBINED in accordance with the terms of the Policy and applicable law and promptly furnished proof of loss under the Policy in the form requested by COMBINED.

18.     Despite the express promise set forth in the Policy to pay claims immediately upon receipt of Proof of Loss, COMBINED failed to pay ROBLES' claim, in full, to date. COMBINED wrongfully failed to pay the claim, in full for total disability, and has continued to

do so since May, 2009. Since that time, COMBINED has refused without proper cause to pay the deserved and appropriate benefits due under the Policy and caused ROBLES significant consequential losses.

19.     As a direct and proximate result of COMBINED'S breach of the subject insurance contract, ROBLES has suffered contractual damages under the Policy, plus interest, and other consequential and incidental damages and out-of-pocket expenses, all in a sum to be determined at the time of trial.

20.     ROBLES has been compelled to retain legal counsel to obtain the benefits due to her under the Policy. Therefore, COMBINED is liable to ROBLES for those attorney fees and other costs of suit reasonably necessary and incurred by her to obtain the Policy's benefits in a sum to be determined at trial.

21.     As a further proximate result of the aforementioned wrongful conduct of COMBINED, ROBLES has suffered, and will continue to suffer, anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses which at the time of issuance of the Policy was reasonably contemplated to occur if benefits were denied, all to her general damages in a sum to be determined at the time of trial. When benefits were denied, ROBLES did suffer anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses.

///

///

Exhibit A   000014

# SECOND CAUSE OF ACTION

## Breach of the Covenant of Good Faith and Fair Dealing

### (Against Defendants, Combined Insurance Company of America and Does 16 through 30)

22.   ROBLES hereby incorporates by reference all of the allegations set forth in the General Allegations and the First Cause of Acton as though fully set forth herein.

23.   COMBINED has breached its duty of good faith and fair dealing owed to ROBLES in the following respects:

A.   Unreasonable and bad faith failure to pay Policy benefits to ROBLES at a time when COMBINED knew that ROBLES was entitled to them under the terms of the Policy;

B.   Unreasonable and bad faith withholding of payments from ROBLES knowing ROBLES' claim for benefits to be valid;

C.   Unreasonable and bad faith failure to pay ROBLES Policy benefits under ROBLES' claim when COMBINED had insufficient information within its possession to justify such failure;

D.   Unreasonable and bad faith misrepresenting to ROBLES pertinent facts and insurance Policy provisions relating to the coverage at issue;

E.   Unreasonable and bad faith failure to reasonably investigate and process ROBLES' claim for Policy benefits;

F.   Unreasonable and bad faith failure to attempt to effectuate a prompt, fair, and equitable settlement of ROBLES' claim for benefits when liability had become reasonably clear;

G.   Unreasonable and bad faith misrepresentation to ROBLES of the California law applicable to her claim;

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 783-4800   FAX (949) 783-4848
EMAIL: mail@robertkscott.com   www.robertkscott.com

H.    Unreasonable and bad faith failure to adhere to California law in the basis for the denial of ROBLES' claim for Policy benefits;

I.    Unreasonable investigation of the claim in a biased fashion by looking for information to deny the claim while ignoring information to support the claim;

J.    Unreasonable analysis of the claim by in a biased fashion looking for ways to support the denial of the claim while ignoring the evidence that established the propriety of the claim;

K.    Unreasonably failing to contact ROBLES'S physicians to determine all of their opinions and scope; and

L.    Misquoting the proper California *Insurance Code* language and definition of total and partial disability as required when the insured is a California insured.

24.    ROBLES is informed and believes and thereon alleges that COMBINED has breached its duty of good faith and fair dealing owed to ROBLES by other acts or omissions of which ROBLES is presently unaware.  ROBLES will seek leave of this Court to amend this Complaint at such time as she discovers the other acts or omissions of COMBINED constituting further breach of her contract.

25.    As a further proximate result of the aforementioned wrongful conduct of COMBINED, ROBLES has suffered, and will continue to suffer, anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to ROBLES' general damages in a sum to be determined at the time of trial.

26.    As a further proximate result of the aforementioned wrongful business practices and conduct of COMBINED, ROBLES was compelled to retain legal counsel to obtain the benefits due under the Policy.  Therefore, COMBINED is liable to ROBLES for those attorney

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950 FAX (949) 753-4849
EMAIL: mail@robertkscott.com   www.robertkscott.com

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
113 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950  FAX (949) 753-4949
EMAIL: mail@robertkscott.com  www.robertkscott.com

1    fees incurred by her in order to obtain the benefits under the Policy in a sum to be determined at

2    the time of trial.

3        27.    Defendant's business practices and conduct described herein were intended by

4    Defendant to cause injury to ROBLES or were despicable conduct carried on by Defendant with

5    a willful and conscious disregard of the rights of ROBLES, subjecting ROBLES to cruel and

6    unjust hardship in conscious disregard of her rights, and were intentional misrepresentations,

7    deceit or concealment of material facts known to Defendant with the intent to deprive ROBLES

8    of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, or

9    fraud under California *Civil Code* §3294, thereby entitling ROBLES to punitive damages in an

10   amount appropriate to punish or set an example of Defendant.

11

12

13                                    **PRAYER**

14       WHEREFORE, Plaintiff, JEANNIE ROBLES, prays for judgment against Defendant,

15   COMBINED INSURANCE COMPANY OF AMERICA, as follows:

16       1.    Damages for failure to provide long term care insurance benefits owed to

17   ROBLES under the Policy, plus interest, including pre-judgment interest, in a sum to be

18   determined at the time of trial;

19

20       2.    The present value of all future benefits under the Policy, damages for emotional

21   distress and other incidental damages in a sum to be determined at the time of trial;

22       3.    Punitive and exemplary damages in an amount appropriate to punish or set an

23   example of Defendant, COMBINED, (Second Cause of Action only);

24       4.    For pre-judgment interest at the appropriate legal rate;

25       5.    For costs of suit incurred herein;

26       6.    For attorney fees damages incurred to obtain the benefits under the Policy in a

27

28   sum to be determined at the time of trial; and

- 10 -

COMPLAINT AND JURY DEMAND

Exhibit A   000017

7.    For such other and further relief as the Court deems just and proper.

Dated: January 25, 2010          LAW OFFICES OF ROBERT K. SCOTT


By: _____
    ROBERT K. SCOTT
    JOEL S. POREMBA
    Attorneys for Plaintiff,
    JEANNIE ROBLES


**JURY DEMAND**

Plaintiff, JEANNIE ROBLES, hereby demands a jury trial in this action.

Dated: January 25, 2010          LAW OFFICES OF ROBERT K. SCOTT


By: _____
    ROBERT K. SCOTT
    JOEL S. POREMBA
    Attorneys for Plaintiff,
    JEANNIE ROBLES

LAW OFFICES OF
ROBERT K. SCOTT
A PROFESSIONAL CORPORATION
111 PACIFICA, SUITE 240
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 753-4950 FAX (949) 753-4948
EMAIL: mail@robertkscott.com www.robertkscott.com

- 11 -
COMPLAINT AND JURY DEMAND

Exhibit A   000018



## COMBINED
### *Worksite Solutions*

JEANNIE ROBLES

RE: Policy Number W0610064          Effective Date: 5/29/2008

Dear JEANNIE ROBLES:

*Congratulations on your recent purchase of insurance through the U-Select voluntary benefit program.*

Your insurance coverage is brought to you by Combined Insurance Company of America, an Ace Limited company. Combined has been providing valuable insurance products to individuals for over 80 years.

As a valued customer of Combined you have the benefits of:

- Portable coverage. This policy is yours and it stays with you even if you change employers.
- Convenient payments. Your premium payments are automatically deducted from the paycheck you receive from your current employer.
- Prompt and accurate claim service.
- Toll free phone assistance. 1-800-544-9382.
- A quality company. Combined is rated "A (Excellent)" by A.M. Best, an independent rating agency.

Your policy is enclosed along with a copy of your application and other materials that you may need in the future. Please review your policy and application and verify that the information is correct. Also, please note that your application has been reduced so that we may easily mail it along with your policy to you. If you would like to receive a copy of your application on 8 ½" by 14" paper, please let us know and we will be happy to send it to you.

Thank you for your business. We look forward to serving you for many years to come.

Sincerely,

*Sheila Precious*                                                         R< 1

Sheila Precious, Vice President
Worksite Services Department

Exhibit A   000019

Please read your policy carefully. As the Insured, you have benefits and rights described in this policy.

Combined will pay the benefits described in this policy to the Insured, subject to the terms and limitations of this policy and of any riders attached to the policy. This policy is issued in consideration of the application and the payment of the first premium.

### RENEWABILITY

Combined guarantees that it will renew this policy until your 65th birthday.  Thereafter the Insured may renew the policy on each anniversary until the first premium due date after the Insured's 70th birthday or until receipt of retirement benefits under the Social Security Act of the U.S. (or any replacement act), whichever is earlier.

To renew the policy, the premium then in effect must be paid on or before the due date or within the grace period. Combined reserves the right to change the premium. Any change in the premium will be made on all policies issued to persons of the same rating class in the Insured's state of residence. Combined will notify the Insured in writing, at his or her last address of record, of a change at least 30 days before the date at which it is to become effective.

### 30 DAY RIGHT TO EXAMINE POLICY

**The Insured may return this policy to Combined's Home Office within 30 days after the policy is issued. Combined will refund any premium paid and the policy will be considered void from the beginning.**

For Combined Insurance Company of America



|                        |                        |
|:----------------------:|:----------------------:|
| Chairman and<br>Chief Executive Officer | Secretary |

**COMBINED**

**Combined Insurance Company of America**
A Legal Reserve Stock Corporation
(herein called Combined)

Home Office: 5050 Broadway • Chicago, Illinois 60640
1-800-544-9382
Policyholder Service Address
P. O. Box 5573 • Chicago, Illinois 60680

**GUARANTEED RENEWABLE
DISABILITY INCOME POLICY**

Form No. 19841

## INDEX TO YOUR POLICY

|                                |  Page |                                   |  Page |
|--------------------------------|-------|-----------------------------------|-------|
| Benefit - Total Disability     |   4   | Pre-Existing Conditions Limitation |   5   |
| Benefit - Partial Recovery     |   4   | Recurrent Disability              |   5   |
| Claim Information              |  6-7  | Schedule                          |   3   |
| Definitions                    |   4   | Time Limit on Certain Defenses    |   5   |
| Exceptions                     |   5   | Waiver of Premium                 |   5   |
| Grace Period                   |   6   |                                   |       |

- 2 -

Exhibit A   000021

## SCHEDULE

FORM
NUMBER

<u>Premium</u>

| 19841 | MONTHLY BENEFIT AMOUNT | | |
|---|---|---|---|
| | Off-the-job accident | $917 | $118.11 |
| | On-the-job accident | $3,150 | $291.38 |
| | Sickness | $917 | $573.13 |
| | | | |
| | ELIMINATION PERIOD | | |
| | Accident | 14 days | |
| | Sickness | 14 days | |
| | | | |
| | MAXIMUM BENEFIT PERIOD | 12 months | |

| | | | TOTAL ANNUAL PREMIUM | $982.62 |
|---|---|---|---|---|

| RENEWAL PREMIUM: | ANNUAL | SEMIANNUAL | MONTHLY APC | Monthly |
|---|---|---|---|---|
| | $982.62 | $491.32 | $81.88 | $81.88 |

INSURED:  JEANNIE ROBLES                    AGE: 52

POLICY NO: W0610064                    OCCUPATIONAL CLASS:  Standard

ISSUE DATE:  05/29/2008

SCHEDULE EFFECTIVE DATE:  05/29/2008

-3-

Exhibit A   000022

## DEFINITIONS

In this policy:

"Coverage" means a benefit for an off-the-job accident, an on-the-job accident or a sickness.

"Elimination period" means the number of consecutive days the Insured must be totally disabled before benefits begin. The elimination period is shown on the schedule.

"Injury" means bodily injury due solely to an accident independent of all other causes. The accident must occur while the policy is in force.

"Maximum benefit period" means the total period for which monthly benefits are payable as a result of total disability. The maximum benefit period is shown on the schedule.

"Off-the-job accident" means an accident which occurs while you are not working at any job for pay or profit.

"On-the-job accident" means an accident which occurs while you are working at any job for pay or profit.

"Physician" means any licensed practitioner of the healing arts acting within the scope of his or her license who is not related to the Insured by blood or marriage.

"Sickness" means illness or disease, including complications of pregnancy.

"Totally disabled" or "total disability" means the inability to perform all the substantial and material duties of the Insured's occupation. Total disability must begin while the policy is in force.

### TOTAL DISABILITY BENEFIT

While the Insured is totally disabled due to a covered sickness or injury from a covered accident and under the regular care of a physician, Combined will pay a monthly benefit. Depending on the coverage selected on the application, a monthly benefit amount may be paid for an off-the-job accident, an on-the-job accident or a sickness. The monthly benefit for each coverage is shown on the schedule. Benefits will begin after the elimination period and are payable up to the maximum benefit period.

### PARTIAL RECOVERY BENEFIT

If within 30 days following a period of total disability for which benefits are payable, the Insured returns to work and is earning less than 75% of his or her pre-disability income, Combined will pay half the monthly benefit otherwise payable for each month in which these conditions are met, for up to 3 months or for the remainder of the maximum benefit period, whichever is less.

-4-

Exhibit A   000023

## WAIVER OF PREMIUM

Combined will waive the payment of any premium falling due after 14 days of total disability during covered total disability while benefits are being paid under this policy.

## PRE-EXISTING CONDITIONS LIMITATION

A pre-existing condition is a medical condition not disclosed on the application for which:

(1)  Medical advice or treatment was recommended by, or received from, a physician within the 12 month period before the issue date; or

(2)  Symptoms existed within the 12 month period before the issue date which would cause an ordinarily prudent person to seek diagnosis, care or treatment.

A pre-existing condition is not covered unless the total disability caused by the condition begins more than two years after the issue date.

## RECURRENT DISABILITY

Successive periods of total disability will be considered one period of total disability unless such periods are separated by at least 180 consecutive days or the disabilities resulted from different or unrelated injuries or sicknesses.

## EXCEPTIONS

This policy will not pay for total disability resulting from: (1) intentionally self-inflicted injury; (2) normal pregnancy or childbirth; (3) cosmetic surgery or other elective procedures which are not medically necessary; or (4) mental illness without demonstrable organic cause.

## UNIFORM PROVISIONS

(1) ENTIRE CONTRACT: This policy with the attached papers, if any, is the entire contract between the Insured and Combined.  No change in this policy will be effective until approved by an officer of Combined.  This approval must be noted on or attached to this policy.  No agent may change this policy or waive any of its provisions.

(2) TIME LIMIT ON CERTAIN DEFENSES:

    (a)  Misstatements in the Application:
       After two years from the issue date only fraudulent misstatements in the application may be used to void the policy or deny any claim for loss incurred or disability that starts after the two year period.

    (b)  Pre-Existing Conditions:
       No claim for loss incurred or disability that starts after two years from the issue date will be reduced or denied because of a sickness or physical condition not excluded by name or specific description before the date of loss had existed before the issue date.

-5-

(3) GRACE PERIOD: This policy has a 31 day grace period. This means that if a renewal premium is not paid on or before the date it is due, it may be paid during the following 31 days. During the grace period the policy will stay in force.

(4) REINSTATEMENT: If the renewal premium is not paid before the grace period ends, the policy will lapse. Later acceptance of the premium by Combined (or by an agent authorized to accept payment) without requiring an application for reinstatement will reinstate this policy.

If Combined or its agent requires an application, the Insured will be given a conditional receipt for the premium. If the application is approved, the policy will be reinstated as of the approval date. Lacking such approval, the policy will be reinstated on the 45th day after the date of the conditional receipt unless Combined has previously written the Insured of its disapproval.

The reinstated policy will cover only loss that results from an injury sustained after the date of reinstatement or a sickness that starts more than 10 days after such date. In all other respects the rights of the Insured and Combined will remain the same, subject to any provisions noted on or attached to the reinstated policy.

Any premiums Combined accepts for a reinstatement will be applied to a period for which premiums have not been paid. No premium will be applied to any period more than 60 days before the reinstatement date.

(5) NOTICE OF CLAIM: Written notice of claim must be given within 30 days after a covered loss starts or as soon as reasonably possible. The notice can be given to Combined at its Policyholder Service Address, Chicago, Illinois or to Combined's agent. Notice should include the name of the Insured and the policy number.

(6) CLAIM FORMS: When Combined receives the notice of claim, it will send the claimant forms for filing proof of loss. If these forms are not given to the claimant within 15 days, the claimant will meet the proof of loss requirements by giving Combined a written statement of the nature and extent of the loss within the time limits stated in the Proofs of Loss Section.

(7) PROOFS OF LOSS: If the policy provides for periodic payment for a continuing loss, written proof of loss must be given to Combined within 90 days after the end of each period for which Combined is liable. For any other loss, written proof must be given within 90 days after such loss.

If it was not reasonably possible to give written proof in the time required, Combined shall not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be given no later than 1 year from the time specified unless the claimant was legally incapacitated.

-6-

Exhibit A   000025

(8) TIME OF PAYMENT OF CLAIMS: After receiving written proof of loss, Combined will pay monthly all benefits then due the Insured for disability. Benefits for any other loss covered by this policy will be paid as soon as Combined receives proper written proof.

(9) PAYMENT OF CLAIMS: Benefits will be paid to the Insured. Any benefits unpaid at the Insured's death will be paid to the Insured's estate. If any indemnity of this policy shall be payable to the estate of the Insured, or to a person who is not competent to give a valid release, Combined may pay up to an amount not exceeding $1,000.00 to any relative by blood or connection by marriage of the Insured who is deemed by Combined to be equitably entitled thereto. Any payment made by Combined in good faith pursuant to this provision shall fully discharge Combined to the extent of such payment.

(10) PHYSICAL EXAMINATIONS: Combined at its expense has the right to have the Insured examined as often as reasonably necessary while a claim is pending.

(11) LEGAL ACTIONS: No legal action may be brought to recover on this policy within 60 days after written proof of loss has been given as required by this policy. No such action may be brought after 3 years from the time written proof of loss is required to be given.

(12) CONFORMITY WITH STATE STATUTES: Any provision of this policy which, on its effective date, is in conflict with the laws of the state in which the Insured resides on that date is amended to conform to the minimum requirements of such laws.

(13) MISSTATEMENT OF AGE: If the Insured's age has been misstated in the application, any amount payable will be that which the premium paid would have purchased at the correct age. But, if the misstatement of age caused this policy to be issued to the Insured beyond the age set by Combined for issue of this policy, then Combined's liability is limited to a return of all premiums paid.

## GENERAL PROVISIONS

A. This policy is issued for the term for which premium has been paid. It becomes effective on the issue date, at 12:01 A.M., Standard Time, at the place where the Insured resides. The mode of payment for the original term of this policy is shown in the schedule.

B. If payment of the initial premium is made by check or draft not honored, the policy shall be void.

C. The Insured may cancel this policy at any time by writing Combined. Coverage will end on the date the notice is received or on a later date specified by the Insured. Combined will return any unearned premium. Cancellation will not affect any claim beginning before the date of cancellation.

-7-

Exhibit A   000026

**COMBINED INSURANCE COMPANY OF AMERICA**
Chicago, Illinois 60640

**DISABILITY INCOME COVERAGE**
**OUTLINE OF COVERAGE FOR FORM NO. 19841**

**Read Your Policy Carefully** - This outline of coverage provides a very brief description of the important features of your policy. This is not the insurance contract and only the actual policy provisions will control. The policy itself sets forth in detail the rights and obligations of both you and your insurance company. It is, therefore, important that you READ YOUR POLICY CAREFULLY!

**Disability Income Coverage** - Policies of this category are designed to provide, to persons insured, coverage for disabilities, subject to any limitations set forth in the policy. Coverage is not provided for basic hospital, basic medical-surgical, or major medical expenses.

**Benefits:**

(a)   Total disability - monthly benefit:

| | |
|---|---|
| **Off-the-job accident** | **$917** |
| **On-the-job accident** | **$3,150** |
| **Sickness** | **$917** |
| **Elimination Period** | |
| **Accident** | **14 days** |
| **Sickness** | **14 days** |
| **Maximum Benefit Period** | **12 months** |

(b)   Partial Recovery - monthly benefit.

For partial recovery immediately following total disability for which benefits are payable, if the Insured returns to work within 30 days and is earning less than 75% of his or her pre-disability income, Combined will pay half the monthly benefit otherwise payable for each month in which these conditions are met, for up to 3 months or for the remainder of the maximum benefit period, whichever is less.

**Exceptions and Reductions:**

(a)   This policy will not pay for total disability resulting from:

(1) intentionally self-inflicted injury;

(2) normal pregnancy or childbirth;

(3) cosmetic surgery or other elective procedures which are not medically necessary;  or

(4) mental illness without demonstrable organic cause.

Form No. 019841-CA

(b)   For the first two years, disability caused by a pre-existing condition is not covered.

A "pre-existing condition" is a medical condition not disclosed on the application for which medical advice or treatment was recommended by, or received from, a physician within 12 months before the issue date or one which existed within one year before the issue date which would have caused an ordinarily prudent person to seek diagnosis or treatment.

(c)   "Totally disabled" or "total disability" means the inability to perform all the substantial and material duties of the insured's occupation.

**Renewability:**

(a)   This policy is guaranteed renewable until age 65.  Thereafter, it is renewable until age 70 or until receipt of benefits under the Social Security Act of the U.S. (or any replacement act), whichever is earlier.

(b)   Coverage terminates on the first premium date after age 70.

(c)   The Company may change the premium if it changes the premium for all persons of the same rating class in the state.

**Premiums:**

Your premium is:   $81.88          Monthly

Premiums are subject to change.

Form No. 019841-CA

Exhibit A   000028

## IMPORTANT INFORMATION TO POLICYHOLDERS

1.   In the event you need to contact someone about this policy
for any reason, please contact:

**Combined Insurance Company of America**
**Home Office**
**5050 North Broadway**
**Chicago, IL  60640**
**1-800-544-9382**

**Policyholder Service Address**
**P.O. Box 5573**
**Chicago, Illinois  60680**

2.   The Department of Insurance should be contacted only after discussions
with us, our agent or other representative, or both, have failed to produce
a satisfactory resolution to the problem.  The address of the Department
is:

**Consumer Services Division**
**300 South Spring Street, Los Angeles, California  90013**
**Telephone in California:  1-800-927-HELP - Outside California:  (213) 897-8921**

Form No. 102054VB-CA                                                  Rev. 12/04

Exhibit A   000029

# COMBINED INSURANCE COMPANY OF AMERICA
5050 Broadway
Chicago, Illinois 60640

## CALIFORNIA LIFE AND HEALTH INSURANCE
## GUARANTEE ASSOCIATION ACT
## SUMMARY DOCUMENT AND DISCLAIMER

Residents of California who purchase life and health insurance and annuities should know that the insurance companies licensed in this state to write these types of insurance are members of the California Life and Health Insurance Guarantee Association ("CLHIGA"). The purpose of this Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Guarantee Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in this state and, in some cases, to keep coverage in force. The valuable extra protection provided through the Association is not unlimited, as noted in the box below, and is not a substitute for consumers' care in selecting insurers.

> The California Life and Health Insurance Guarantee Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in California. You should not rely on coverage by the Association in selecting an insurance company or in selecting an insurance policy.
>
> Coverage is *NOT* provided for your policy or any portion of it that is not guaranteed by the insurer or for which you have assumed the risk, such as a variable contract sold by prospectus.
>
> Insurance companies or their agents are required by law to give or send you this notice. *However, insurance companies and their agents are prohibited by law from using the existence of the Guarantee Association to induce you to purchase any kind of insurance policy.*
>
> Policyholders with additional questions should first contact their insurer or agent or may then contact:
>
> | California Life and Health Insurance | or | Consumer Services Division |
> |---|---|---|
> | Guarantee Association | | California Department of Insurance |
> | P.O. Box 16860 | | 300 South Spring Street |
> | Beverly Hills, CA 90209-3319 | | Los Angeles, CA 90013 |
> | (323) 782-0182 | | (800) 927-4357 or (213) 897-8921 |

Below is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the Act or the rights or obligations of the Association.

106019R-CA

Exhibit A   000030

## COVERAGE

Generally, individuals will be protected by the California Life and Health Insurance Guarantee Association if they live in this state and hold a life or health insurance contract, or an annuity, or if they are insured under a group insurance contract, issued by a member insurer. The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.

## EXCLUSIONS FROM COVERAGE

However, persons holding such policies are not protected by this Guarantee Association if:

- Their insurer was not authorized to do business in this state when it issued the policy or contract.;
- Their policy was issued by a health care service plan (HMO), Blue Cross, Blue Shield, a charitable organization, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company, an insurance exchange, or a grants and annuities society;
- They are eligible for protection under the laws of another state. This may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insureds who live outside that state.

The Guarantee Association also does not provide coverage for:

- Unallocated annuity contracts; that is, contracts which are not issued to and owned by an individual and which guarantee rights to group contract holders, not individuals;
- Employer and association plans, to the extent they are self-funded or uninsured;
- Synthetic guaranteed interest contracts;
- Any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;
- Any policy of reinsurance unless an assumption certificate was issued;
- Interest rate yields that exceed an average rate;
- Any portion of a contract that provides dividends or experience rating credits.

## LIMITS ON AMOUNTS OF COVERAGE

The Act limits the Association to pay benefits as follows:

## LIFE AND ANNUITY BENEFITS

- 80% of what the life insurance company would owe under a life policy or annuity contract up to
- $100,000 in cash surrender values,
- $100,000 in present value of annuities, or
- $250,000 in life insurance death benefits.
- A maximum of $250,000 for any one insured life no matter how many policies and contracts there were with the same company, even if the policies provided different types of coverages.

## HEALTH BENEFITS

- A maximum of $200,000 of the contractual obligations that the health insurance company would owe were it not insolvent. The maximum may increase or decrease annually based upon changes in the health care cost component of the consumer price index.

## PREMIUM SURCHARGE

Member insurers are required to recoup assessments paid to the Association by way of a surcharge on premiums charged for health insurance policies to which the Act applies.

Exhibit A   000031

REDACTED

COMBINED INSURANCE COMPANY OF AMERICA          Home Office: Chicago, Illinois

**Application for Disability Income Insurance Coverage**          FORM# 1984-CA

I am applying for this coverage based on the following health and employment information:

| | | | | Application Date: | 03/17/2008 |
|---|---|---|---|---|---|
| EMPLOYEE'S (Proposed Insured) NAME (First MI Last) | | | Male ☒ | Birthdate: Mo/Day/Yr | Age |
| JEANINE | ROBLES | | Female ☐ | 1955 | 52 |
| EMPLOYEE'S HOME ADDRESS   (Street, City, State, Zip) | | | | Home Phone No. | |
| | | | | | 310-532-6648 |
| Social Security No. | Employer | | Hire Date: Mo/Day/Yr | Employee ID # | Gross Annual Income |
| 3040 | PACIFIC MARITIME ASSOCIATION LOCAL 63 | | 05/05/1993 | | $100,000.00 |
| Occupation | | BUSINESS OF EMPLOYER | | Height | Weight |
| ADMINISTRATIVE | | IMPORT & EXPORT | | 5 ft  5 in | 180 lbs. |
| Please describe your job duties: | | | | Occupation Class | Industry Code |
| MANAGE CARGO THAT GO ON AND OF | | | | STANDARD | 0000000070 |

| AMOUNT OF INSURANCE BEING APPLIED FOR: | | PREMIUM - Mode |
|---|---|---|
| Off-the-Job accident | $1666.00  per month | $4.12  Weekly |
| On-the-Job accident | $3515.00  per month | $9.78 |
| Sickness | $1666.00  per month | $20.62 |
| Maximum Benefit Period (months)   3 ☐   6 ☐   12 ☐   24 ☒ | | |
| Elimination Period (days, A/S)   0/7 ☐   7/7 ☐   14/14 ☒   30/30 ☐   60/60 ☐   180/180 ☐ | | |
| Extended Benefit Rider                          Yes ☐   No ☒ | | Not Selected |
| Extended Benefit Period (months)   12 ☐   48 ☐   Amount _____ per month | | |
| | Total: | $30.52  Weekly |

California Law prohibits an HIV test from being required or used by health companies as a condition of obtaining health insurance coverage.

1. Are you employed in your primary occupation for less than 30 hours each week?     Yes ☐   No ☒
   Answer questions 2, 3, and 4 if applying on a Non-Guaranteed Issue basis

2. Have you been diagnosed by a physician as having AIDS (Acquired Immune Deficiency Syndrome) or ARC (AIDS Related Complex)?     Yes ☐   No ☒

3. Have you missed more than 5 consecutive days of work due to accident or sickness during the past 6 months? (If yes, also answer question 6)     Yes ☐   No ☒

4. Have you received treatment in an outpatient or emergency facility or been hospitalized during the past 12 months? (If yes, also answer question 6)     Yes ☐   No ☒

5. Do you have any existing disability coverage?   No ☐   Yes ☒   (fill in below)

| | Carrier | Monthly Benefit | Elimination Period | Benefit Period |
|---|---|---|---|---|
| REASSURE AMERICA | | 75000 | 60 | 12 |
| | | 6 | 0 | 0 |
| | | 0 | 0 | 0 |

Answer question 6 if your existing coverage plus what you are applying for exceeds 48% of your gross monthly earnings, or if "Yes" is answered to questions 3 or 4.

6. Have you had any treatment or taken any prescription medication for any heart condition, cancer, stroke, or any other sickness, injury, or defect, excluding flu, colds, or routine physicals in the last 5 years?     Yes ☒   No ☐

(If "Yes" is answered to question 6, explain on Page 2. In any case, please provide information on your physician.)

Will the policy applied for replace or cause the change of any existing Disability Insurance contract?     Yes ☐   No ☒

It is very important that you review the application carefully. Misstatements or omissions could cause an otherwise valid claim to be denied. Please check the application carefully and advise your agent if any information is not correct or not complete or if any medical history has not been included. I understand that any insurance applied for will not take effect unless and until Combined Insurance Company of America approves my application, the contract is issued, and the required premium is received by Combined Insurance Company of America.

In applying for this coverage, I represent and affirm the following:

1. The information which I have given as recorded on this Application is true and complete to the best of my knowledge and belief
2. I have received the Medical Information Bureau (MIB) Disclosure Statement, the notice under the Fair Credit Reporting Act, and Notice of Information Practices.
3. I acknowledge receipt of the Outline of Coverage.
4. I will only receive the benefit(s) selected on this application.

X  Signature on file          On file       On file

   Signature of Proposed Insured       City       State          Date: 03/17/2008

I, the authorized agent, have on the Date of Application recorded the information as given to me by the Proposed Insured. I have no reason to believe this policy will replace any existing insurance. I have delivered the Notice of Information Practices. I have no knowledge of any policy-wide medical history not recorded on this Application.

Signature of Licensed Agent  Signature on file                          Code #  FKTD

Form No. 192051-CA

**COMBINED INSURANCE COMPANY OF AMERICA**

Home Office: Chicago, Illinois

Application for Disability Income Insurance Coverage - Page 2     FORM# 19841-CA

**PLEASE READ CAREFULLY**

**HEALTH & MEDICATIONS INFORMATION**

| Health Condition & Medication | | Date | Surgery? | Receiving Treatment? | Physician's Name and Address (street, city, state) |
|---|---|---|---|---|---|
| THYROID | 593 | 01/01/1987 | N | Y | DR. BEHMAT 1368 W 7TH STREET |
| | | | | | SAN PEDRO    CA 90732 |
| | | | | | (310)324-1432 |
| | | | | | |
| | | | | | |
| | | | | | |

**CONFIDENTIALITY OF MEDICAL INFORMATION**

The information disclosed on this application will not be disclosed to the employer or any other person without the authorization of the applicant.

**AUTHORIZATION TO RELEASE INFORMATION**

I authorize Combined Insurance Company of America or its reinsurers to acquire from and authorize any hospital, physician, medical practitioner, clinic, insurance company, the Medical Information Bureau, Inc. (MIB), or consumer reporting agency to release to Combined Insurance Company of America any information regarding me for the purpose of evaluating this application for insurance.

This authorization shall remain valid for a period of two years from the issue date of this policy. A photocopy of this authorization will be as valid as the original. A copy of the authorization is available upon request to the Company.

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

X _Signature on file_     City;     On file     State;     On file     Date: 03/17/2009
Signature of Proposed Insured

Proposed Insured's Name     JEANNIE          ROBLES     Social Security #     -3040
                              (Print)

Form No. 192051-CA

Exhibit A   000033

*Worksite Solutions*

*A Division of Combined Insurance Company*

P.O. Box 5573 • Chicago, Illinois 60680 • Phone: 1-800-544-9382 • Fax: 773-765-1850

October 16, 2009

JEANNIE ROBLES

CLAIM   71028665
POLICY  W0610064   FORM   19841

Dear Mrs. Robles:

We have considered your claim filed under the above captioned policy.

If you will kindly refer to the copy of the application for your policy which was completed on March 17,2008 and signed by you, you will note that you stated "Yes" in answering question 6 "Have you had any advice, treatment, or taken any prescription medication for any heart condition, cancer, stroke, or any other defect, excluding flu, colds, or routine physicals in the last 5 years?". However, you only disclosed your thyroid condition.

According to the medical information obtained you received treatment for shoulder pain and soreness on 7/23/07, 7/25/07, 8/1/07 and 8/8/07.

An insurance policy such as the above is issued on the basis of the information given on the application. Had your actual medical history been known, we would have been unable to issue this coverage to you. As it appears that complete information was not given in the application, we do not consider that your policy has been in effect from the date of issue and we do not consider ourselves liable for the claim you have filed. Under such circumstances, we can not retain the premium you paid so you shall shortly receive a check representing a refund of all premium.

We regret our inability to be of service to you at this time, but if you feel we have not been given a proper understanding of your claim, we shall be glad to consider any added information you may wish to submit. Also, if you have any questions or concerns regarding how your claim was handled, you may have the matter reviewed by the California Department of Insurance, Claims Service Bureau, 11th floor, 300 South Spring Street, Los Angeles, California 90013. Their telephone number is 1-800-927-4357 or 213-897-8921.

The company reserves all of its rights and defenses whether or not expressly stated in this letter.

Yours sincerely,
COMBINED INSURANCE COMPANY OF AMERICA

Claim Department
Irasema Dagracia/vh

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ROBERT K. SCOTT, ESQ.  BN: 67466<br>LAW OFFICES OF ROBERT K. SCOTT, A.P.C.<br>111 PACIFICA, SUITE 240<br>IRVINE, CA 92618<br>TELEPHONE NO.: 949-753-4950    FAX NO.: 949-753-4949<br>ATTORNEY FOR (Name): PLAINTIFF, JEANNIE ROBLES | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 0 2 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>AMBER LAFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: ROBLES v. COMBINED INSURANCE COMPANY ET, AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC431118**<br><br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [X] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): TWO
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: FEBRUARY 1, 2010

ROBERT K. SCOTT
(TYPE OR PRINT NAME)                            ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit A   000036

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROBLES v. COMBINED INSURANCE SERVICES, ET. AL. | BC431118 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | Type of Action<br>(Check only one) | B | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A   000037

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| ROBLES v. COMBINED INSURANCE SERVICES, ET. AL. | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8, |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8, |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

Exhibit A   000039

| SHORT TITLE: ROBLES v. COMBINED INSURANCE SERVICES, ET. AL. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☑7. ☐8. ☐9. ☐10. | ADDRESS: JEANNIE ROBLES 2327 W. 37TH STREET |
|---|---|
| CITY: SAN PEDRO | STATE: CA | ZIP CODE: 90732 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___SUPERIOR___ courthouse in the ___CENTRAL___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: FEBRUARY 1, 2010

_Robert K. Scott_
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

Exhibit A   000040

EXHIBIT B

1   Linda M. Lawson (Bar No. 77130)
     LLawson@mmhllp.com
2   Allison Vana (Bar No. 228282)
     AVana@mmhllp.com
3   MESERVE, MUMPER & HUGHES LLP
     300 South Grand Avenue, 24th Floor
4   Los Angeles, California 90071-3185
     Telephone: (213) 620-0300
5   Facsimile: (213) 625-1930

6   Attorneys for Defendant
     COMBINED INSURANCE COMPANY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 07 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SHAUNYA WESLEY

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11   JEANNIE ROBLES, an individual,          )   Case No. BC 431118
                                             )
12               Plaintiff,                  )   DEFENDANT COMBINED INSURANCE
                                             )   COMPANY'S ANSWER TO
13        vs.                                )   PLAINTIFF'S COMPLAINT
                                             )
14   COMBINED INSURANCE COMPANY, a )             Complaint Filed: February 2, 2010
     corporation; and DOES 1 through 30,     )
15   inclusive,                              )
                                             )
16               Defendant.                  )
                                             )
17   _____)

18        Defendant COMBINED INSURANCE COMPANY ("Combined") hereby answers

19   the unverified complaint ("Complaint") of Plaintiff JEANNIE ROBLES ("Plaintiff") as

20   follows:

21                              **GENERAL DENIAL**

22        1.    Pursuant to California Code of Civil Procedure section 431.30(d), Combined

23   denies generally and specifically each and every allegation in Plaintiff's unverified

24   Complaint, and the whole thereof, and further denies that Plaintiff sustained or will sustain

25   any damages in the amount alleged or is entitled to the requested relief, by reason of any

26   act, breach or omission of Combined or any of its agents, representatives, and/or

27   employees.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

109786.1

1
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit B  000041

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

2.     Combined alleges that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action.

## SECOND AFFIRMATIVE DEFENSE

3.     Combined alleges that Plaintiff's breach of the covenant of good faith and fair dealing cause of action fails on the grounds that any and all actions taken by Combined were fair, reasonable, and in good faith, and therefore subject to a bona fide dispute, and a genuine issue of liability exists.

## THIRD AFFIRMATIVE DEFENSE

4.     Combined alleges that Plaintiff's cause of action based upon breach of contract is barred, in whole or in part, in that Combined substantially and/or fully performed all of its duties and obligations, if any, arising out of any contract(s) with Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

5.     Combined alleges that, on or about March 17, 2008, Plaintiff applied to Combined for disability income insurance coverage. As a part of said application, Plaintiff was asked, "Have you had any treatment or taken any prescription medication for any heart condition, cancer, stroke, or any other sickness, injury, or defect, excluding flu, colds, or routine physicals in the last 5 years?". Plaintiff answered "yes," and disclosed information relating only to a minor medical condition from 1987. Plaintiff disclosed no other health condition. Plaintiff further stated and represented in writing, among other things, that the information which she provided in the application was true and complete to the best of her knowledge and belief.

LAW OFFICES
MESERVE
MUMPER &
HUGHES LLP

109786.1

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit B   000042

6.   Based on the application and upon the statements and representations contained therein, Combined issued and delivered disability income coverage policy number W0610064 (the "Policy") to Plaintiff.

7.   Each of the statements and representations contained in the application and hereinabove more specifically set forth in paragraph 5 were made by Plaintiff for the purpose of inducing Combined to rely thereon and to issue and deliver the Policy to Plaintiff. Combined did, in fact, rely upon such statements and representations and upon each of them in issuing and delivering the Policy to Plaintiff. Each of the statements and representations was material to the risk undertaken by Combined in issuing and delivering the Policy, in that Combined would not have issued or delivered the Policy had it known said statements and representations were false, incomplete or untrue.

8.   Combined is informed and believes and based thereon alleges that the statements and representations contained in the application and hereinabove more specifically set forth in paragraph 5 were false, incomplete and untrue and were known by Plaintiff to be false, incomplete and untrue at the time of making said statements and representations in that, among other things: (a) Plaintiff received, within five years prior to the application, treatment related to two other significant medical conditions which she failed to disclose in the application; and (b) all of the information which Plaintiff provided in the application was not true and complete to the best of her knowledge and belief.

9.   By reason of the falsity and untruth of the statements and representations and the concealment of material facts, Combined has and hereby does rescind the Policy. Combined has previously tendered to Plaintiff all premiums paid on account of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

10.   Combined incorporates paragraphs 5 through 9 of its Fourth Affirmative Defense, above, by reference, as if set forth herein in their entirety.

11.   Combined is informed and believes and thereon alleges that in the application, and in making the representations hereinabove referred to, and in accepting

LAW OFFICES
NESERVE,
MUMPER &
HUGHES LLP

109786.1

3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit B  000043

1  delivery of the Policy, Plaintiff concealed and neglected to communicate facts within her
2  knowledge which she was required to disclose, and which were material to the risk to be
3  insured against and to the issuance and delivery of the Policy, in that, among other things:
4  (a) Plaintiff received, within five years prior to the application, treatment related to two
5  other significant medical conditions which she failed to disclose in the application; and
6  (b) all of the information which Plaintiff provided in the application was not true and
7  complete to the best of her knowledge and belief.

8       12.   Combined is further informed and believes and thereon alleges that Plaintiff
9  concealed and neglected to communicate said material facts to Combined despite inquiry
10 thereto by Combined and in the absence of any waiver by Combined of its rights to such
11 information.  Combined further alleges that each of said facts was material to the risk
12 undertaken by it in issuing and delivering the Policy, in that had it known of these facts,
13 Combined would not have issued or delivered the Policy to Plaintiff.

14

15                    **SIXTH AFFIRMATIVE DEFENSE**

16      13.   Combined alleges that if Plaintiff sustained any damages as alleged in the
17 Complaint, which Combined denies, Plaintiff failed to mitigate said damages.

18

19                   **SEVENTH AFFIRMATIVE DEFENSE**

20      14.   Combined alleges that Plaintiff failed to comply with one or more conditions
21 precedent to obtaining coverage and/or continued eligibility under the Policy.

22

23                    **EIGHTH AFFIRMATIVE DEFENSE**

24      15.   Combined alleges on information and belief that the Complaint, and each
25 purported cause of action contained therein, is barred by the doctrine of waiver.

26

27                     **NINTH AFFIRMATIVE DEFENSE**

28      16.   Combined alleges on information and belief that the Complaint, and each

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
109786.1

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit B  000044

1  purported cause of action contained therein, is barred by the doctrine of estoppel.

2

3  ### TENTH AFFIRMATIVE DEFENSE

4      17.   Combined alleges on information and belief that by virtue of Plaintiff's

5  careless, negligent, and other wrongful conduct, Plaintiff is barred from any recovery on

6  her Complaint and each of the purported causes of action alleged therein, under the

7  doctrine of unclean hands.

8

9  ### ELEVENTH AFFIRMATIVE DEFENSE

10     18.   Combined alleges, without conceding that Plaintiff has sustained any

11  damages as alleged in her Complaint, that if any damages were sustained by Plaintiff, they

12  were caused and contributed to by the acts of Plaintiff and the award of damages, if any,

13  should be reduced by a proportionate percentage of the wrong attributable to Plaintiff.

14

15  ### TWELFTH AFFIRMATIVE DEFENSE

16     19.   Combined alleges that Plaintiff's remedy for any alleged breach of contract

17  is limited by California Civil Code Sections 3300 and 3302.

18

19  ### THIRTEENTH AFFIRMATIVE DEFENSE

20     20.   Combined alleges that the Complaint, and each purported cause of action

21  contained therein, fails to state facts sufficient to constitute a prima facie claim for relief

22  for punitive or exemplary damages within the meaning of California Civil Code Sections

23  3294 and 3295, and the imposition of punitive or exemplary damages against it would

24  violate California Civil Code Section 3294.

25

26  ### FOURTEENTH AFFIRMATIVE DEFENSE

27     21.   Combined alleges that the bases by which punitive damages are imposed

28  pursuant to California statutory and common law are fatally constitutionally infirm, and

LAW OFFICES
MESERVE
MUMPER &
HUGHES LLP

109786.1

5

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit B  000045

1   that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except

2   the excessive fines clause) and the Fourteenth Amendments to the United States

3   Constitution and the equivalent provisions in the California Constitution.

4

5                         **FIFTEENTH AFFIRMATIVE DEFENSE**

6       22.   Combined alleges that the California practice of allowing the wealth of an

7   insurance company defendant to be the primary measure for the imposition of a punitive

8   and exemplary damage award constitutes an impermissible punishment of Combined's

9   status in violation of its rights to due process and equal protection of the laws under the

10   Fifth and Fourteenth Amendments to the United States Constitution and by Article I,

11   Section 7 of the California Constitution.

12

13                         **SIXTEENTH AFFIRMATIVE DEFENSE**

14       23.   Combined alleges that granting Plaintiff's prayer for punitive damages

15   against it would violate certain provisions of the Constitution of the United States

16   including but not limited to, the following: The Fifth and Fourteenth Amendments

17   guarantee this defendant due process of the law and are violated by the operation of such

18   vague, imprecise and impermissible laws regarding both the awarding and the amount of

19   punitive damages as are the laws on which the subject punitive damage claim is based; an

20   award of punitive damages against Combined under the facts of this case would violate

21   due process as being grossly excessive in relation to the legitimate interests of the State of

22   California; the Fourteenth Amendment guarantees this defendant equal protection of the

23   laws and is violated by the imposition of punitive damages in that such sanction is

24   discriminatory and arbitrary in penalizing this defendant on the basis of wealth; the Fourth,

25   Fifth and Sixth Amendments form the basis for laws governing the processing, convicting

26   and sentencing of criminal defendants and to the extent that Combined is subjected to

27   criminal sanction for punitive damages, the burden of proof required to impose the same

28   should be proof beyond a reasonable doubt and punitive damages should not be awarded

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

109786.1

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit B  000046

# PROOF OF SERVICE BY MAIL

1

2

3    STATE OF CALIFORNIA          )
                                  )   ss.:
4    COUNTY OF LOS ANGELES        )

5

6         I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

7

8         On April 7, 2010, I served on interested parties in said action the within:

9         DEFENDANT COMBINED INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

10        by placing a true copy thereof in sealed envelope(s) addressed, as stated below:

11        Robert K. Scott, Esq.
          Joel S. Poremba, Esq.
12        LAW OFFICES OF ROBERT K. SCOTT, APC
          111 Pacifica, Suite 240
13        Irvine, CA 92618

14        I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

15

16

17        Executed on April 7, 2010, at Los Angeles, California.

18        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20
          _____              _____
21        Anita De Leon                          (Signature)
          (Type or print name)

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110129.1

Exhibit B   000048

1

## PROOF OF SERVICE BY MAIL

2

3   STATE OF CALIFORNIA       )
                                    )   ss.:

4   COUNTY OF LOS ANGELES    )

5

6         I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

7

8         On April 9, 2010, I served on interested parties in said action the within:

9         DEFENDANT COMBINED INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

10

11   by placing a true copy thereof in sealed envelope(s) addressed, as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California:

12   Robert K. Scott, Esq.
Joel S. Poremba, Esq.

13   LAW OFFICES OF ROBERT K. SCOTT, APC
111 Pacifica, Suite 240

14   Irvine, CA 92618

15

16         I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

17

18

19         Executed on April 9, 2010, at Los Angeles, California.

20         I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

21

22      _____Anita De Leon_____        _____

23        (Type or print name)                 (Signature)

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

110130.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 2590 SJO (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

JEANNIE ROBLES, an individual

**DEFENDANTS**

COMBINED INSURANCE COMPANY, a corporation; and DOES 1 through 30, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Robert K. Scott
Joel S. Poremba
LAW OFFICES OF ROBERT K. SCOTT
111 Pacifica, Suite 240
Irvine, CA 92618
(949) 753-4950

Attorneys (If Known)

Linda M. Lawson
Allison Vana
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, CA 90071
(213) 620-0300

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** Exceeds $75,000

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity jurisdiction under 28 U.S.C. Sections 1332, 1441, and 1446.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10  2590

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.   VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jeannie Robles County of Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Combined Insurance Company - Glenview, Illinois is principal place of business |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, on information and belief | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.   SIGNATURE OF ATTORNEY (OR PRO PER):** _Ali Vana_   Date April 9, 2010

Allison Vana

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |